UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

J.H., a minor,

        Plaintiff,

        v.                                    Case No. 21-C-62

CO GROBMAN, et al.,

        Defendants.

## ORDER

      J.H., who is a minor, filed a *pro se* complaint under 42 U.S.C. §1983, seeking damages for the defendants' alleged violations of his civil rights while he was confined at the Sheboygan County Juvenile Detention Center. Dkt. No. 1-1. Under Federal Rule of Civil Procedure 17, a minor is not competent to bring a federal lawsuit on his own and must be represented by a competent adult. *T.W. by Enk v. Brophy*, 124 F.3d 893, 895 (7th Cir. 1997). A minor who does not have a legal guardian or a duly appointed representative may sue by a "next friend" or a court appointed "guardian ad litem." Fed. R. Civ. P. 17(c). "The terms are essentially interchangeable, but 'next friend' is normally used when the child is the plaintiff, and 'guardian ad litem' when the child is the defendant." *Enk*, 124 F.3d at 895. "When someone hauls a child into court as a defendant, the court has to appoint a representative for the child, because of the child's legal incapacity to litigate, and that is the guardian ad litem." *Id*. "But the Court does not usually appoint a next friend; it is usually the next friend who has taken the initiative in suing on the child's behalf." *Id*. The Court may appoint counsel to represent a minor plaintiff if he or she might have a legal claim. *Id.* (citing *In re Chicago, Rock Island & Pacific R.R.*, 788 F.2d 1280, 1282 (7th Cir.

1986)). J.H. has filed a motion to appoint counsel to represent him in this case. *See* Dkt. No. 9. Although it appears J.H. may have a claim, rather than screen the complaint under 42 U.S.C. §1915A or recruit counsel at this time, the Court will stay and administratively close the case until J.H. becomes an adult.

Court records indicate that J.H. will turn 18 in the next few months. It typically takes months for the Court to find an attorney who will volunteer to take a case on a *pro bono* basis. As the Seventh Circuit has explained, "there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). By the time the Court is able to recruit counsel in this case, J.H. will likely be 18 years old and competent to represent himself. For these reasons, the Court finds that the most efficient way to move litigation forward in this matter is to stay and administratively close the case until J.H. turns 18. *See Enk*, 124 F.3d at 898 (noting that a district court has the option to either dismiss a case based on lack of capacity to sue or to stay the case). Once J.H. turns 18, he can file a motion to reopen the case and lift the stay. At that time, he will be deemed competent to proceed with this matter, and the Court will screen the operative complaint under 28 U.S.C. §1915A.

**IT IS ORDERED** that this case is **STAYED**. The clerks' office is directed to **ADMINISTRATIVELY CLOSE** this case. If J.H. wishes to proceed with this case, it is his responsibility to file a motion to reopen the case and lift the stay once he turns 18.

Dated at Green Bay, Wisconsin this 31st day of March, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge